SWANSON, J.,
Concurs with opinion.
I concur, without comment, our decision to .reverse 1P14-1162 and remand for evi-dentiary hearing. Insofar, as the sentencing issue raised in 1D14-1600 is concerned, while I cpncur, it is not without reservation.
Once a defendant has committed a substantive violation, as transpired in - this case, a strong argument can-be made that *398 a trial court should be empowered with the discretion to exceed the six year youthful offender cap, regardless of whether a subsequent violation is substantive or technical. Absent such sentencing discretion, the statute creates a negative incentive. Specifically, trial courts are “boxed in” and, by necessity, may well be inclined to come down hard on youthful offenders on a substantive violation rather than risk a subsequent technical violation for which the trial court is precluded from imposing a sentence that would exceed the six year cap. Irrespective of this view, a plain reading of Section 958.14, Florida Statutes (2007), compels this court to find the sentence imposed in 1D14-1600 was error in that it exceeded the six year sentencing cap for a youthful offender following a technical violation of community control.